# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| AHMED SALAU, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 5:14-24978 |
| MICHAEL FRANCIS, Warden, | ) ) ) |
| Respondent. | ) ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Proceed Without Prepayment of Costs and Fees and his Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having examined Petitioner's Section 2241 Petition, the undersigned finds that Petitioner's above Motion and Petition should be denied.

## FACTUAL BACKGROUND

On August 21, 2014, Petitioner, acting *pro se*,[1] filed his Motion to Proceed Without Prepayment of Fees and Costs (Document No. 2.) and Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1.). In his Petition, Petitioner contends that the Circuit Court of Mercer County, West Virginia, improperly revoked his bond on

---

[1] Because Petitioner is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

May 19, 2014. (Document No. 1, pp. 7 - 8.) Specifically, Petitioner first argues that "[t]he decision to revoke bond was against the weight of the evidence in that the Circuit Court made this ruling without reviewing all of the evidence that defendant was going to present." (Id., p. 7.) Second, Petitioner contends that "[t]he bond denial decision is plainly erroneous in that the alleged item for which the defendant had his bond revoked was simply an ink pen issued to him by jail staff." (Id.) Third, Petitioner claims that "[t]he bond denial decision is a narrow interpretation of the State statute granting general supervisory authority to Circuit Courts over Magistrate Courts." (Id.) Petitioner explains that he "had already properly posted a bond that was reduced by the same Magistrate who set the initial arraignment bond before the Circuit Court sua sponte revoked/denied the bond citing general supervisory authority over the Magistrate's decision." (Id.) Finally, Petitioner asserts that "[t]he bond denial decision is inconsistent with the bill of rights and as such is in direct violation of the United States Constitution."[2] (Id., p. 8.) Petitioner contends that "the bill of rights specifically entitles all criminal defendants a reasonable bond based on a case-by-case determination and not an arbitrary and capricious blanket bond denial/revocation." (Id.) As relief, Petitioner requests that the Court "order his release on his original, fully posted, $5,000.00 surety bond."[3] (Id.)

---

[2] Petitioner argues that he has a constitutional right to bond. (Document No. 1, p. 8.) The United States Constitution, however, does not establish an absolute right to bail. *United States v. Salerno*, 481 U.S. 739, 752, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)("The Eighth Amendment addresses pretrial release by providing merely that '[e]xcessive bail shall not be required.' This Clause, of course, says nothing about whether bail shall be available at all."); *Carlson v. Landon*, 342 U.S. 524, 545-46, 72 S.Ct. 525, 96 L.Ed. 547 (1952)("Indeed, the very language of the [Eighth] Amendment fails to say all arrests may be bailable"); *United States v. Perry*, 788 F.2d 100, 111 (3rd Cir. 1986), *cert. denied*, 479 U.S. 864, 107 S.Ct. 218, 93 L.Ed.2d 146 (1986)(no absolute right to bail); *United States v. Edwards*, 430 A.2d 1321 (D.C. 1981), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (182)(The excessive bail clause of the Eighth Amendment does not grant a right to bail in criminal cases).

[3] To the extent Petitioner is attempting to assert a Section 1983 claim against the Circuit Court Judge, the undersigned finds the claim to be without merit. "Few doctrines were more solidly

## **ANALYSIS**

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The undersigned finds that the Court should abstain from exercising jurisdiction over Petitioner's *habeas* claims based upon the *Younger*-abstention doctrine. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). "Under the *Younger*-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A court should disregard *Younger's* mandate only where "(1) there is a showing of bad faith or harassment by state

---

established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." *Imbler v. Patchman*, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." *Jackson v. Houck*, 181 Fed. App'x 372, 372 (4th Cir. 2006) (*quoting Mireles v. Waco*, 502 U.S. 9, 12-13 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted).

officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). To prevail under the bad faith exception, petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the *Younger* abstention doctrine applies in the instant case. First, it appears that State Court proceedings are ongoing as Petitioner states that he has appealed the Circuit Court's denial of bond to the West Virginia Supreme Court of Appeals. Second, a pending State criminal proceeding clearly involves an important State interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. Third, the matters in controversy are on-going and Petitioner will have an adequate opportunity to present his claims in the state court proceedings.[4] See Gilliam v. Foster, 75 F.3d at 881, 904 (4th Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). "[T]he key question is whether the state allows [the defendant] to raise [his] objections, not whether the state agrees with those objections." Nivens, 444 F.3d at 243. Under West Virginia law, Petitioner has a statutory right to appellate review of the amount of bail or the discretionary denial of bail. W. Va. Code § 62-1C-

---

[4] Petitioner indicates that his appeal contains the same grounds as he has asserted in his instant *habeas* petition. (Document No. 1, pp. 2 - 3.)

1(c)("The amount of bail or the discretionary denial of bail at any stage of the proceedings may be reviewed by summary petition first to the lower appellate court, if any, and thereafter by summary petition to the supreme court of appeals or any judge thereof.") Finally, Petitioner has failed to allege sufficient facts to establish the applicability of the bad faith exception. Specifically, there is no indication that Petitioner is being prosecuted "without a reasonable expectation of obtaining a valid conviction."

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion to Proceed Without Prepayment of Costs and Fees (Document No. 2.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: October 20, 2014.

R. Clarke VanDervort
United States Magistrate Judge