IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

AHMED OLASUNKANMI SALAU,

        Petitioner,

v.                               CIVIL ACTION NO.  5:14-cv-24978

MICHAEL FRANCIS,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Petition for Writ of Habeas Corpus under 28 U.S.C. §2241* (Document 1) filed on August 21, 2014.  By *Standing Order* (Document 5) entered on August 22, 2014, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On October 20, 2014, 2014, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 9), wherein it is recommended that this Court deny the Petitioner's § 2241 motion.  Objections to the Magistrate Judge's PF&R were due by November 6, 2014.  On November 5, 2014, the Petitioner tendered his *Written Objections to Proposed Findings and Recommendations and Motion to File Written Objections by Facsimile* (Document 11).

        **I.**        **FACTUAL AND PROCEDURAL HISTORY**

In the PF&R, Magistrate Judge VanDervort sets forth in detail the relevant procedural and factual history of the Petitioner's motion.  The Court now incorporates by reference those

facts and procedural history, but in order to give context for the ruling herein, the Court provides the following summary.

The Petitioner "contends that the Circuit Court of Mercer County, West Virginia, improperly revoked his bond on May 19, 2014," arguing that the decision was "against the weight of the evidence," and furthermore, was "a narrow interpretation of the State statute granting general supervisory authority to Circuit Courts over Magistrate Courts." (Document 9 at 1-2.) He also claims that the decision was "inconsistent with the bill of rights and as such is in direct violation of the United States Constitution." (*Id.* at 2.) He requests that this Court order his release on the original surety bond. (*Id.*)

The Court has also reviewed the Petitioner's *Letter-Form Motion to Proceed Without Prepayment of Fees and Costs and in the Alternative to Proceed In Forma Pauperis* (Document 2), *Letter-Form Motion for Expedited Consideration* (Document 3), and *Letter-Form Motion to Suspend Rules* (Document 4), which were included with his original § 2241 Petition. On October 11, 2014, the Petitioner filed a *Letter-Form Motion* (Document 7) seeking an ECF password and login to file electronically. On October 20, 2014, the Magistrate Judge submitted his PF&R, wherein he recommends that this Court deny Petitioner's motion to proceed without prepayment of costs and fees, dismiss Petitioner's petition for writ of habeas corpus, and remove this matter from the Court's docket. (*See* Document 9 at 5.)

On November 5, 2014, the Petitioner tendered his *Written Objections to Proposed Findings and Recommendations and Motion to File Written Objections by Facsimile* (Document 11). Thereafter, on November 26, 2014, the Petitioner filed a *Letter-Form Motion to Amend Petition for Writ of Habeas Corpus and to Expedite Consideration* (Document 12), as well as a

2

*Motion for the Appointment of Habeas Corpus Counsel* (Document 13). On December 3, 2014, he filed a *Motion to Amend Petition for Writ of Habeas Corpus and to Expedite Consideration* (Document 15), *Motion for the Appointment of Habeas Corpus Counsel* (Document 16),[1] *Amended Petition for Writ of Habeas Corpus under 28 USC 2241* (Document 17), and *Memorandum of Law in Support of Amended Petition for a Writ of Habeas Corpus* (Document 18). On December 4, 2014, he submitted a *Motion* (Document 19) for electronic docketing, but the motion only included documents related to CM/ECF certification.

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

---

[1] The Court notes that the motions contained in Documents 15 and 16 appear to be identical, aside from the date(s), to the motions contained in Documents 12 and 13.

### III. DISCUSSION

*A. Magistrate Judge's PF&R*

The Magistrate Judge found that the Petitioner's motion should be denied on jurisdictional grounds, based on the application of the *Younger* abstention doctrine contained in *Younger v. Harris*, 91 S.Ct. 746 (1971). The PF&R succinctly pointed out that the Fourth Circuit instructs that, "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 1167 S.Ct. 816 (1996). Furthermore, this doctrine of abstention should be disregarded only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." (Document 9 at 4) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). The showing necessary to prevail on the bad faith exception is that the "prosecution has been brought without a reasonable expectation of obtaining a valid conviction." (*Id.*)(quoting *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986).

After reciting these principles, the Magistrate Judge concluded that abstention applied because the (1) state court proceedings were ongoing (the Petitioner himself indicated that he appealed the circuit court's denial of bond to the West Virginia Supreme Court of Appeals), (2) the state interest in efficiently operating its criminal justice system without undue federal

interference was important, and (3) the Petitioner would have an adequate opportunity to present his claims to the state court. The Magistrate Judge noted that West Virginia law provides a means to review the amount of bail and discretionary denial of bail through appeal. *See* W. Va. Code § 62-1C-1(c). Lastly, the Magistrate Judge noted that the bad faith exception was inapplicable as there was "no indication that Petitioner is being prosecuted "without a reasonable expectation of obtaining a valid conviction." (Document 9 at 5.)

The PF&R was dated October 20, 2014. The Magistrate Judge obviously did not consider any of the Petitioner's motions and documents filed after that date, listed at the end of Section I, *supra*.

 *B. Petitioner's Objections*

The Petitioner objects to the Magistrate Judge's reliance on the *Younger* abstention doctrine. He argues that the doctrine does not apply to the facts and grievances of his case. "The instant matter is simply a challenge of pre-trial detention which has been properly raised in the State's highest Court." (Document 11 at 7.) He further argues that the abstention doctrine does not apply because "the WV Supreme Court has completely reviewed the pre-trial bail review of this Petitioner and so there isn't a usurpation of any State rights or undue Federal interference." (*Id.*) The Petitioner also notes that while he does have a "statutory right to appellate review of the amount of bail or the discretionary denial of bail, this option has been properly and fully exercised <u>the result of which is unsatisfactory to the Petitioner</u>." (*Id.* at 8) (emphasis added.)

The Petitioner then concedes that even if the abstention doctrine applies, the facts of his case satisfy the bad faith exception because the prosecutors allegedly issued falsified records and orders. (*Id.*) He further claims that the exception to *Younger* abstention applies because the

underlying state prosecution "was only instituted after this Petitioner started a mentoring program for at-risk rural and inner-city students and started speaking out about the indiscriminate prosecution of young black men in Mercer County . . . ." (*Id.*)

The Court finds the Petitioner's objections to be without merit. The *Younger* abstention doctrine is clearly applicable. First, the state proceeding is ongoing, as the Petitioner has an upcoming criminal trial, scheduled in January 2015. (*See* Document 18 at 5.) Second, there can be no doubt that the criminal prosecution of an individual for allegedly violating West Virginia law, as it relates to sexual assault, is an important state interest, namely the efficient implementation of the State's criminal justice system. Third, the Petitioner concedes that there was an adequate opportunity to present his constitutional claims in the state court proceedings. Clearly, he did so but was simply dissatisfied with the outcome. However, such an argument has no merit in light of Fourth Circuit precedent. As the Magistrate Judge aptly pointed out, "[t]he key question is whether the state allows [the defendant] to raise [his] objections, not whether the state agrees with those objections." (Document 9 at 4) (citing *Nivens*, 444 F.3d at 243.)

Likewise, the Court finds that the bad faith exception is not satisfied in this instance. There has been no evidence that he is being prosecuted "without a reasonable expectation of obtaining a valid conviction." The only claim of wrongdoing is that some of the prosecuting attorneys allegedly acted inappropriately as it related to his bail determination, and further, that he criticized police and was then prosecuted. He has presented no evidence to support his contention that his criticism prompted police and/or prosecutors to pursue his case in retaliation. The Petitioner can only speculate, and has presented no facts that would justify invoking *Younger's* exception to abstention due to "bad faith, harassment, or any other unusual

6

circumstance that would call for equitable relief." *Younger*, 91 S. Ct. at 755. For these reasons, the Petitioner's objections to the PF&R regarding jurisdiction should be **OVERRULED**.

*C. New Claims*

Since the Magistrate Judge issued the PF&R, the Petitioner has submitted several motions and memoranda in support seeking to amend his § 2241 Petition. (*See* Documents 12, 14, 15, 17 and 18.) It appears that the Petitioner wishes to assert a separate habeas claim regarding alleged deprivations of his Speedy Trial Act rights, unrelated to the claims considered *infra*. (*See* Documents 14 at 1; 17 at 1.) In light of this, the Court finds that Documents 12, 13, 15, 16, and 19 should be referred to the Magistrate Judge for submission of proposed findings of fact and recommendations for disposition, in accordance with 28 U.S.C. § 636.

## CONCLUSION

Wherefore, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 9) dismissing the Petitioner's *Petition for Writ of Habeas Corpus under 28 U.S.C. §2241* be **ADOPTED**, that the Petitioner's *Written Objections to the Proposed Findings and Recommendations* (Document 11) be **OVERRULED**, that the Petitioner's *Motion to File Written Objections by Facsimile* (Document 11) be **DENIED**, and that the Petitioner's *Petition for Writ of Habeas Corpus under 28 U.S.C. §2241* (Document 1) be **DISMISSED**.

Additionally, the Court **ORDERS** that Documents 12, 13, 15, 16, and 19 be **REFERRED** to Magistrate Judge VanDervort for proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER: January 14, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA